NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ronald Smith, | Civil Action No. 06-4656 (SRC) |
| Plaintiff, | |
| v. | |
| Jerry Speziale, et al., | |
| Defendants. | |

SHIPP, United States Magistrate Judge

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Defendants' motion to enforce settlement. (Doc. No. 36.) For the reasons set forth below, I respectfully recommend that the Court grant Defendants' motion.

**I.   Background**

This matter came before the Court for a video settlement conference on October 21, 2009. At that time, Plaintiff and Defendants agreed to settle the case for $500. The Court asked Mr. Giblin, counsel for Defendants, to put the terms of the settlement on the record. Mr. Giblin stated:

> Judge, the case is resolved by way of payment from the County of Passaic to Mr. Smith of five hundred dollars. I'm told Mr. Smith has asked about tax implications. I told him the County will not take tax out. I cannot speak to whether it's a taxable event for him. He will get a check for five hundred dollars, and that is the sum and substance of the settlement.

(Tr. 3:25 - 4:6.)[1]

---

[1] A copy of the transcript follows this Report and Recommendation.

The Court asked Plaintiff whether he understood the terms. Plaintiff answered affirmatively. (Tr. 4:8.) The Court also asked Plaintiff whether he voluntarily agreed to the terms and whether Plaintiff entered into the settlement agreement of his own free will and under no threat or coercion. (Tr. 4:9-10, 12-14.) Plaintiff agreed. (Tr. 4:11, 15.)

The Plaintiff then questioned the Court as to whether he is entitled to "any other appropriate fees" or "anything else." (Tr. 5:2-3, 5-6.) The Court stated:

> Mr. Smith, this is a settlement agreement, and the Court really doesn't get involved with what you and Mr. Giblin have decided. Once the parties reach an agreement, the Court's job here is to just make sure that the parties understand and agree to the terms, and that in fact there are no other side deals or anything like that, and there are no other promises, and that you understand that this is the deal. Absent that, it will ultimately dispose of the case, so as long as you understand that, then I'm satisfied that the [sic] all the parties agree to this, and I'm willing to move forward with that. . . . So I just need to ensure from you that you understand and that this is in fact the deal.

(Tr. 5:13-22, 24-25.)

Plaintiff again responded affirmatively. (Tr. 5:23; 6:1-2.) The Plaintiff did not ask any further questions.

## II.  Discussion

An agreement to settle a lawsuit is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing. *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970). A settlement agreement is a contract separate and independent from the dispute giving rise to the lawsuit being settled. The settlement extinguishes the legal rights the parties sought to enforce through litigation in exchange for the rights secured by the settlement agreement. *Cooper-Jarrett, Inc. v. Central Transport, Inc.*, 726 F.2d 93, 96 (3d Cir. 1984).

Here, Plaintiff and Defendants had a meeting of the minds on the terms of the settlement. Those terms were very simple. Defendants agreed to pay Plaintiff $500 and Plaintiff agreed that the $500 payment would dispose of the case. The Court finds that the Plaintiff entered into the settlement agreement voluntarily and of his own free will, under no threat or coercion. The Court finds no reason why the settlement should not be enforced.

## III. Conclusion

For the foregoing reasons, the undersigned respectfully recommends that the Court grant Defendants' motion to enforce the settlement agreement.

Respectfully submitted,

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

Dated: April 19, 2010

```
                                                                    1

 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
 2                 CIVIL ACTION 06-cv4656-MAS

 3   SMITH                      : TRANSCRIPT OF PROCEEDINGS
                                :
 4                              :    S E T T L E M E N T
                  Plaintiffs,   :
 5                              :
                   -vs-         :       Pages 1 - 6
 6                              :
     JERRY SPEZIALE,            :
 7                              :
                  Defendant.    :
 8   - - - - - - - - - - - - - - - - -

 9                                      Newark, New Jersey
                                        October 21, 2009
10
     B E F O R E:   HONORABLE MICHAEL A. SHIPP,
11                  UNITED STATES DISTRICT JUDGE

12

13   A P P E A R A N E S S:

14       PAUL GIBLIN, ESQ.
         Attorney for the Plaintiff
15

16

17   _____
     Pursuant to Section 753 Title 28 United States Code, the
18   following transcript is certified to be an accurate record as
     taken stenographically in the above entitled proceedings.
19
                        [signature]
20                   _____
                     MOLLIE ANN GIORDANO
21                   Certified Court Reporter
                     (973-220-9465)
22

23

24

25
```

Settlement                                                                    2

1      MR. GIBLIN:  Mr. Smith.

2      MR. SMITH:  Yes, sir.

3      MR. GIBLIN:  Hey, it's Paul Giblin.

4      MR. SMITH:  Sir.

5      MR. GIBLIN:  I got your letter, and I called the

6  insurance, and I got a five hundred settlement proposal?

7      MR. SMITH:  Okay.

8      So that's still entitled to me.

9      MR. GIBLIN:  I can get you $500 to settle the case.

10     MR. SMITH:  Will I be awarded anything else on this?

11 Am I entitled to anything else as the Court deem appropriate?

12     MR. GIBLIN:  Mr. Smith settles the case, the County

13 will pay you five hundred dollars, and that's all there is.  If

14 you don't want to settle the case, that's certainly you're

15 right not to settle the case.  You sent me a letter saying to

16 get you a settlement proposal--

17     MR. SMITH:  Wouldn't I be entitled to Rule 68, fair

18 debt collection, like I kind of like read recently, I read

19 where I accept it, the Court would award me any fees and stuff

20 like that.

21     MR. GIBLIN:  No, the Court -- if we settle the case --

22 if we settle the case, the Court is not going to award you

23 anything.  You're going to get a five hundred dollar check from

24 the County of Passaic, and that's all you're going to the get.

25     MR. SMITH:  Would that be tax deductible?

```
                        Settlement                        3

 1         MR. GIBLIN:  What was your suit for?
 2         MR. SMITH:   My suit?
 3         MR. GIBLIN:  What did you file -- what was your claim
 4    for?
 5         MR. SMITH:   My claim was for the amount of medical
 6    treatment.
 7         MR. GIBLIN:  Is it for -- Mr. Smith, I'm not an
 8    accountant.  Okay, Mr. Smith?
 9         MR. SMITH:   Yes, sir.
10         THE COURT:   This is Judge Shipp, how are you?
11         MR. SMITH:   All right, sir.  How are you?
12         THE COURT:   We are on the record in the matter of
13    Smith versus Speziale, et al, docket number 06-4656.  And it is
14    my understanding that the parties have reached a settlement in
15    this underlying matter.  Is that correct, Mr. Smith?
16         MR. SMITH:   Yes, sir.
17         THE COURT:   May I have appearance.
18         MR. GIBLIN:  Paul Giblin, Jr. appearing for the
19    defendants.
20         THE COURT:   At this time I'm going to ask Mr. Giblin
21    to put the terms of that settlement on the record, and then
22    I'll ask you, Mr. Smith, after he's done, whether or not you
23    accept and agree with these representations.
24         Mr. Giblin.
25         MR. GIBLIN:  Judge, the case is resolved by way of
```

Settlement                                                                 4

1   payment from the County of Passaic to Mr. Smith of five hundred
2   dollars.  I'm told Mr. Smith has asked about tax implications,
3   I told him the County will not take tax out.  I cannot speak to
4   whether it's a taxable event for him.  He will get a check for
5   five hundred dollars, and that is the sum and substance of the
6   settlement.
7           THE COURT:  Okay.  Do you understand these terms?
8           MR. SMITH:  Yes, sir.
9           THE COURT:  And do you voluntarily agree with these
10  terms?
11          MR. SMITH:  I voluntarily agree, sir, and, yes, sir.
12          THE COURT:  And you agree that you are doing this of
13  your open free will, that no one has forced you or threatened
14  you or otherwise coerced you into entering into this agreement?
15          MR. SMITH:  Yes, sir.
16          THE COURT:  That's really all the Court has.  I just
17  want to make sure all the parties are aware of the terms and in
18  fact agree on the record, and the Court is satisfied that this
19  is a settlement of all matters and we'll prepare an order,
20  which will suffice until I see a stipulation of dismissal
21  signed by the parties.  That's all we have for today?
22          MR. SMITH:  Excuse me, sir?
23          THE COURT:  Yes.
24          MR. SMITH:  Could I have some questions before we take
25  off.

<pre>
                              Settlement                        5

 1             THE COURT:  Sure, go ahead.
 2             MR. SMITH:  Many times in receiving, does the Court
 3     see any other appropriate fees for me?
 4             THE COURT:  I'm sorry?
 5             MR. SMITH:  Does the Court feel that there is anything
 6     else that would be entitled to me?
 7             THE COURT:  If I understand your question, I'm going
 8     to ask the court reporter, if I understand you correctly,
 9     you're asking if the Court believes or sees that there's
10     anything else to the plaintiff?
11             MR. SMITH:  Yes, sir.
12             THE COURT:  As far as damages wise?
13             Mr. Smith, this is a settlement agreement, and the
14     Court really doesn't get involved with what you and Mr. Giblin
15     have decided.  Once the parties reach an agreement, the Court's
16     job here is to just make sure that the parties understand and
17     agree to the terms, and that in fact there are no other side
18     deals or anything like that, and there are no other promises,
19     and that you understand that this is the deal.  Absent that, it
20     will ultimately dispose of the case, so as long as you
21     understand that, then I'm satisfied that the all the parties
22     agree to this, and I'm willing to move forward with that.
23             MR. SMITH:  Yes, sir.
24             THE COURT:  So I just need to ensure from you that you
25     understand and that this is in fact the deal.
</pre>

Settlement 6

1  MR. SMITH: Yes, sir, I will. Thank you, very much,
2  sir.
3  THE COURT: Okay. I'm going to issue an order which
4  will dismiss this case administratively, and I still need to
5  receive the signed and executed stipulation of dismissal from
6  the parties. And, Mr. Giblin is prepared to prepare an order
7  for your signature, Mr. Smith.
8  MR. SMITH: Yes, sir.
9  THE COURT: Thank you, very much. Have a great day.
10  MR. SMITH: Thank you.